**UNITED STATES DISTRICT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| ROBERT SENFT,<br><br>     Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC<br><br>     Defendant. | CASE NO.: |

## **COMPLAINT**

NOW COMES Plaintiff, ROBERT SENFT ("Plaintiff"), by and through his attorneys, hereby alleging the following against Defendant, TRANS UNION, LLC. ("TRANS UNION") referred to as "Defendant"):

### **Nature of the Action**

1.     This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

### **Parties**

2.     Plaintiff is a natural person at all times relevant residing in Orange County, in the City of Orlando, in the State of Florida.

3.     At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

4.     Defendant, TRANS UNION, is a corporation conducting business in

the State of Florida and is headquartered in Chicago, Illinois.

5.    Defendant, TRANS UNION, is a "person" as that term is defined by a consumer reporting agency as that term is defined by 15 U.S.C. § 1681a(b).

6.    Defendant, TRANS UNION, is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

7.    Defendant, TRANS UNION, is a "consumer reporting agency" ("CRA") as that term is described in 15 U.S.C. § 1681a(f).

8.    At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

9.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

10.    Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

**Factual Allegations**

11.    Plaintiff is a consumer who is the victim of inaccurate reporting by TRANS UNION regarding a credit account he had with CHASE BANK, settled with CHASE BANK, and paid to CHASE BANK.

12.    CRAs, including TRANS UNION have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

13.    Further, both CRAs and Furnishers have a duty to conduct a reasonable investigation when notified of disputed information found in a consumer credit report.

14.    Here, Plaintiff is a victim of inaccurate reporting regarding an account he had with CHASE BANK, an inaccuracy found in credit reports published by TRANS UNION.

15.    The following is a description of the inaccuracy and failures of Defendant to investigate and update its reporting of the account in question.

16.    On or about January 31, 2024, Plaintiff and CHASE BANK settled an account ending in 3889 (the "Account") for $816.00.

17.    Per the terms of the settlement, Plaintiff made a single payment of eight hundred sixteen dollars ($816.00) on February 14, 2024 and thereby satisfied the terms of the agreement.

18.    On May 13, 2024 Plaintiff received a copy of his credit report from TRANS UNION.

19.    To his surprise, despite Plaintiff's performance under the terms of the agreement, Defendant TRANS UNION reported inaccurate information regarding the status of the Account.

20.    Specifically, TRANS UNION reported the Account with a status of "Collection/Charge Off", a balance owed of $812.00 and failed to report the payment that was made to satisfy the Account.

21.    The CRA Defendant's failure to report the Account correctly and failure to report the accurate status, accurate balance and failure to report the payments Plaintiff made on the Account harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history

22.    On May 15, 2024, Plaintiff issued a dispute by mail to Defendant TRANS UNION regarding the inaccurate information being reported on the Account.

23.    In his dispute letter Plaintiff disputed the inaccurate entry in his credit report that the Account was in a "Collection/Charge Off" status and that any balance was owed on the Account.  He also included proof of the agreement between him and CHASE BANK and proof of the payment made in satisfaction of the agreement.

24.    His dispute package was delivered on or about June 1, 2024.

25.     Upon information and belief, TRANS UNION would have notified CHASE BANK of Plaintiff's dispute within five days of receiving Plaintiff's dispute.

26.     Further, upon information and belief, TRANS UNION would have sent the documentation Plaintiff included in his dispute letter to CHASE BANK, including the terms of the settlement and proof of payment.

27.     Despite his very specific dispute and accompanying documents supporting his dispute, Plaintiff found the same inaccuracies from TRANS UNION, on an updated credit report he received on July 16, 2024.

28.     At the time of the filing of this complaint TRANS UNION continues to report the Account inaccurately as having a status of "Collection/Charge Off," having a balance owed and misreporting the payment made on the Account.

29.     If TRANS UNION would have complied with its statutory duties, inaccurate information concerning the Account would not have been reported despite notice from Plaintiff.

30.     Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account TRANS UNION is required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff.

31.     As a result of this conduct, action and inaction of TRANS UNION, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit along with mental and emotional distress.

32.     Further, Plaintiff has been hesitant to apply for any new credit until these inaccuracies are resolved.

33.     Because of his concern over the effects TRANS UNION's misreporting has had on his credit, Plaintiff has been unable to apply for or obtain financing to purchase cars and a home, despite the fact that he has had the financial means to do both.

<u>**COUNT I – TRANS UNION**</u>
<u>**Violation of the Fair Credit Reporting Act**</u>
<u>**15 U.S.C. § 1681e(b)**</u>

34.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-33.

35.     After receiving Plaintiff's dispute regarding the Account, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

36.     TRANS UNION violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report(s) and credit file(s) that TRANS UNION published and maintained concerning Plaintiff.

37.     As a result of this conduct, action and inaction of TRANS UNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

38.     TRANS UNION's conduct, action, and inaction were willful, rendering TRANS UNION liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

39.     In the alternative, TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

40.     Plaintiff is entitled to recover costs and attorneys' fees from TRANS UNION, pursuant to 15 U.S.C. §1681n and/or §1681o.

<u>Prayer for Relief</u>

WHEREFORE, Plaintiff respectfully requests judgment be entered against TRANS UNION for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation of the FCRA;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for TRANS UNION's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## COUNT II – TRANS UNION
## Violation of the Fair Credit Reporting Act
## 15 U.S.C. § 1681i

41.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-33.

42.    After receiving Plaintiff's dispute for the Account, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

43.    TRANS UNION violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to

maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

44.     As a result of this conduct, action and inaction of TRANS UNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

45.     TRANS UNION's conduct, action, and inaction were willful, rendering TRANS UNION liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

46.     In the alternative, TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

47.     Plaintiff is entitled to recover costs and attorneys' fees from TRANS UNION pursuant to 15 U.S.C. §1681n and/or §1681o.

<u>Prayer for Relief</u>

WHEREFORE, Plaintiff respectfully requests judgment be entered against TRANS UNION for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

e) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation of the FCRA;

f) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for TRANS UNION's willful violation;

g) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

h) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## <u>JURY TRIAL DEMAND</u>

Plaintiff demands a jury trial on all issues so triable.


Respectfully submitted,


Dated: 11/14/2024          By:  _/s/ Jason S. Weiss_
                          Jason S. Weiss, Florida Bar No. 35689
                          **WEISS LAW GROUP, P.A.**
                          5531 N. University Drive, Suite 103
                          Coral Springs, FL 33067
                          Tel: (954) 573-2800
                          Fax: (954) 573-2798
                          E: Jason@jswlawyer.com

                          Attorneys for Plaintiff,
                          ROBERT SENFT